IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-cv-02190

Ira Kaplan,

    Plaintiff/Movant,

Budzik & Dynia, LLC,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Ira Kaplan, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Ira Kaplan ("Plaintiff"), is an adult individual residing in Grand Junction, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Budzik & Dynia, LLC ("Budzik"), is an Illinois business entity with an address of 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2,200.00 (the "Debt") to Pay Pal (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Budzik Engages in Harassment and Abusive Tactics

### FACTS

10. Within the last year, the Budzik contacted the Plaintiff in an attempt to collect the Debt.

11. During Plaintiff's initial communication with Budzik and each communication thereafter, Plaintiff requested written correspondence from Budzik in regards to the Debt.

12. In addition, Plaintiff disclosed his present residential address with Budzik.

13. Despite doing so, Budzik failed to send Plaintiff any written correspondence in regards to the Debt, informing Plaintiff of his rights under federal law.

14. Instead, Budzik repeatedly continued to mail correspondence regarding the Debt to a former address where Plaintiff had not resided for the past five (5) years.

15. Furthermore, in the beginning of August 2013, Plaintiff agreed to pay Budzik $100.00 within the week along with an additional $25.00 per month thereafter in an attempt to

lower the balance owed on the Debt.

16. Despite such, beginning the very next day, Budzik continued to place numerous calls to Plaintiff to collect on the Debt.

17. Plaintiff informed Budzik that he had already promised to make a $100.00 payment the following week, but Budzik stated they would continue to repeatedly call Plaintiff until he made an immediate payment.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding Plaintiff recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 15, 2013

>Respectfully submitted,
>
>By __/s/ Lark Fogel_____
>
>Lark Fogel, Esq.
>
>Of Counsel To:
>
>LEMBERG & ASSOCIATES L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>
>Law Office of Lark Fogel
>Bar Number: 030383
>lfogel@lemberglaw.com
>Attorneys for Plaintiff
>
>Plaintiff:
>Ira Kaplan
>2781 Monroe Court
>Grand Junction, Colorado 81503